UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| LG Electronics Inc., et al., | ) | |
| | ) | |
| Plaintiff, | ) | Case No.: 1:21-cv-02600 |
| v. | ) | |
| | ) | Dist. Judge Mary M. Rowland |
| Partnerships and unincorporated | ) | |
| Associations Identified in Schedule A, | ) | Mag. Judge Heather K. McShain |
| | ) | |
| Defendants. | ) | |

**Defendants' Response to Plaintiff's Renewed Motion for Entry of Preliminary Injunction**

**NOW COME** defendants BEST BELVITA, ICE water filter ("Defendants") by and through their undersigned counsel, and hereby respond to Plaintiff's Renewed Motion for Entry of Preliminary Injunction [Dkt. 101]. This Court's dissolution of the original preliminary injunction order with respect to Defendants, coming on the back of dissolutions pertaining to the other defendant groups, was prescient and although Plaintiff has had an opportunity to re-attempt to establish the elements necessary for the extraordinary relief of a preliminary injunction, it fails to do so. The Court can now see that that Plaintiff's patent is very vulnerable to being invalidated, and Defendants have not infringed the patent's claims. There is no likelihood of success on the merits of Plaintiff's claims, and its request for preliminary injunctive relief should be denied in its entirety.

**I. Argument**

    **a. Legal Standard**

A "preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." Mazurek v. Armstrong, 520 U.S. 968, 972 (1997). Further, the preliminary injunction should also be tailored to the violation. Commodity Fut. Trading Comm. v. Lake Shore Asset Mgmt. Ltd., 496 F.3d 769, 772 (7th Cir. 2007). In order to properly receive a preliminary injunction, Plaintiff must have

demonstrated by a <u>clear</u> showing that "(1) the threat of irreparable harm for which there is no adequate remedy at law; (2) that the threatened injury to plaintiff outweighs the harm an injunction might inflict on the defendant; (3) that the plaintiff has a reasonable likelihood of success on the merits; and (4) that the issuance of a preliminary injunction would not disserve the public interest." <u>Am. Can Co. v. Mansukhani</u>, 742 F.2d 314, 321-22 (7th Cir. 1984), *citing*, <u>In re Uranium Antitrust Litigation</u>, 617 F.2d 1248, 1261 (7th Cir. 1980). The movant "bears the burden of persuasion with regard to each factor in the preliminary injunction relief analysis" and if it "fails to meet just one of the prerequisites for a preliminary injunction, the injunction must be denied." <u>Smith v. Foster</u>, 2016 WL 2593957 (E.D. Wis. May 5, 2016), *quoting*, <u>Cox v. City of Chicago</u>, 868 F.2d 217, 219-23 (7th Cir. 1989). To establish a reasonable likelihood of success on the merits, a patentee must show that it will likely prove infringement of the asserted claims *and* that its infringement claim will likely withstand the alleged infringer's challenges to patent validity and enforceability. <u>Mylan Institutional LLC v. Aurobindo Pharma Ltd.</u>, 857 F.3d 858 (Fed. Cir. 2017) (emphasis added).

    **b. Plaintiff cannot show a reasonable likelihood of success on the merits because the '984 Patent is highly vulnerable to being invalidated.**

Although a patent is presumed valid under federal law, "that presumption does not relieve the moving party in the preliminary injunction context from carrying its normal burden of establishing its reasonable likelihood of prevailing" on the merits. <u>Techtronic Indus. Co. v. Chervon Holdings, Ltd.</u>, 395 F. Supp. 2d 720, 729 (N.D. Ill. 2005). If the alleged infringer "raises a substantial question of invalidity, the preliminary injunction should not issue." <u>Neutral Tandem, Inc. v. Peerless Network, LLC</u>, 2010 WL 11537593 at *4 (N.D. Ill. Mar. 30, 2010), *citing*, <u>Altana Pharma AG v. Teva Pharms. USA, Inc.</u>, 566 F.3d 999, 1005-06 (Fed. Cir. 2009).

To meet this burden, the alleged infringer must only show that the patent is "vulnerable", which requires less proof than the clear and convincing showing necessary to establish invalidity

itself.  Id.; Abbott Lab'ys v. Sandoz, Inc., 500 F. Supp. 2d 807, 817 (N.D. Ill. 2007), aff'd, 544 F.3d 1341 (Fed. Cir. 2008).  If the alleged infringer shows that the patent is "vulnerable" the burden shifts back to the patentee "to show that the defense lacks substantial merit." Id.  While a patent is presumed valid under federal law, Plaintiff has failed to meet the burden of proving it has a reasonable likelihood of success on the merits because there are substantial questions regarding the validity of the '984 patent.  "Vulnerability is the issue at the preliminary injunction stage, while validity is the issue at trial. The alleged infringer must identify at least some persuasive evidence of invalidity at this early stage to overcome the presumption of validity." Abbott; Techtronic (at a preliminary injunction stage the district court does not resolve the validity question, but "rather assesses the persuasiveness of the challenger's evidence").

     A patent claim is invalid as anticipated if "the invention was patented or described in a printed publication in this or a foreign country…more than one year prior to the date of the application for patent in the United States." 35 U.S.C. § 102.  To establish anticipation, there must be evidence that a person of ordinary skill in the art would recognize the presence of "each and every claim limitation in a single prior art reference, either explicitly or inherently." Sunoco P'ship Mktg. & Terminals L.P. v. U.S. Venture, Inc., 436 F. Supp. 3d 1099, 1110 (N.D. Ill. 2020).

     Section 103 of the Patent Act precludes a patent's issuance when "the differences between the subject matter sought to be patented and the prior art are such that the subject matter as a while would have been obvious at the time the invention was made to a person having ordinary skill in the art to which said subject matter pertains." 35 U.S.C. § 103(a).  Obviousness is a question of law based on the underlying factual inquiries including: (1) the scope and content of the prior art, (2) the differences between the prior art and the claims, (3) the level of ordinary skill in the relevant art, and (4) any objective indicia of non–obviousness, such as commercial success, long felt need, and failure of others.  Sunoco.

Every claim except Claim 2 of the '984 Patent is anticipated by U.S. Patent 9,056,269, a true and correct copy of which is attached hereto as **Exhibit 1**. As shown in the claim chart attached as **Exhibit 2**, U.S. Patent 9,056,269 explicitly discloses every claim limitation of the '984 Patent except for claim 2. Accordingly, every claim except Claim 2 of the '984 Patent is anticipated by US Patent 9,056,269.

Furthermore, included with this response are four (4) references which demonstrate that '984 Patent was very likely obvious upon its priority date of March 22, 2016:

- US9056269 **Exhibit 1**
- KR101366830 **Exhibit 2**
- CN103071334 **Exhibit 3**
- US7387725 **Exhibit 4**

The scope and content of the prior art references included in KR101366830, CN103071334, and US7387725 discloses nearly everything claimed in Claim 1 of the '984 patent. As shown in the claim chart attached as **Exhibit 5**, each of these prior art references teach a filter assembly that includes a filter membrane that is at least partially contained in a housing body. Further, Exhibit KR and CN each teach a coupled housing cap with an upper side diameter that is smaller than the diameter of the lowest side, with a channel formed through the upper and lower side. Furthermore, **Exhibits 2, 3, and 4** all teach a coupling projection on the outer surface and an upper supporter accommodated in the channel that allows water from a first filter inlet flow path to flow into the filter. Lastly, **Exhibits 2, 3, and 4** all disclose a first connecting portion recessed inwardly from an inner surface of the upper end of the upper support.

Accordingly, the differences between **Exhibits 2 and 3** and the '984 patent are extremely minimal as they teach all the limitations of Claim 1 of the '984 patent except for a pair of projecting portions disposed symmetrically and extending from the connecting portion. However, **Exhibit 1** specifically discloses this missing claim element. Furthermore, it would have been obvious to a person of skill to modify **Exhibit 2 or 3** with the projecting portion taught in **Exhibit 1** to help

align the filter assembly with the receiving portion, especially when the projecting portions were required to properly fit the mating piece. Because all these above references are in the art of consumer water filters, it would be obvious to a person of ordinary skill to combine any of the references that might lack this limitation to result in the claimed invention. *See*, KSR Intern. Co. v. Teleflex Inc., 550 U.S. 398, 420 (2007). ("[A]ny need or problem known in the field of endeavor at the time of invention and addressed by the patent can provide a reason for combining the elements in the manner claimed").

Likewise, it would have been obvious to modify the filter assembly of claim 1 with projecting portions that gradually narrow in an upward direction due to the obvious benefits that result from this simple change. Product assembly is a clear and persistent issue, especially when working with interlocking and rotating pieces. Accordingly, it would have been obvious for a person of ordinary skill to modify the projecting portions so that they gradually narrow in an upward direction so that the first and second connection portion can be more easily assembled and so that the filter can be more easily separated from the shaft.

**Exhibits 1, 2, 3, and 4** all disclose the claim limitations of claims 3, 4, and 5, and **Exhibit 1** discloses the connecting mechanism of claims 6 and 7. All of these references are in the same field of consumer water filters, and it would have been obvious to a person of ordinary skill to combine any of the references that might lack these limitations to result in the invention claimed in claims 3-7. In sum, Plaintiff cannot show reasonable likelihood of success on the merits because of the evidence proffered by Defendants showing that the patent is plainly vulnerable.

As shown in the claim chart attached as **Exhibit 5**, the differences between the **Exhibit 1** reference and the '984 patent are extremely minimal, as it teaches all the limitations of Claim 1 of the '984 patent except that it does not contain a pair of projecting portions disposed symmetrically and extending from the first connecting portion.

    **c. Plaintiff cannot show a reasonable likelihood of success on the merits because Defendant's product does not infringe the '984 Patent.**

To show likelihood of success on the merits for the purposes of a preliminary injunction, a plaintiff "must prove that success in establishing infringement is more likely than not." Pressure Specialist, Inc. v. Next Gen Mfg. Inc., 469 F. Supp. 3d 863, 868-69 (N.D. Ill. 2020) (internal citations omitted). To infringe, the accused device must embody every claim limitation in the patent or its equivalent. Id. A device literally infringes "if every limitation recited in the claim appears in the accused product." Id., at 871, *quoting*, Jeneric/Pentron, Inc. v. Dillon Co., Inc., 205 F.3d 1377, 1382 (Fed. Cir. 2000). Here, Plaintiff cannot show that it is more likely than not that Defendant's product literally infringes the '984 patent. In particular, Defendant's product does not embody the limitations in Claim 1 requiring "a pair of projecting portions disposed symmetrically and extending from the first connecting portion." As shown in **Exhibit 6**, the two projecting portions clearly extend from two different positions and not just from a "first connecting portion" as required by claim 1. Accordingly, since Defendant's product does not include every limitation recited in the claim, it does not literally infringe Claim 1 and thus does not infringe any of their dependent claims. Minnesota Min. & Mfg. Co. v. Chemque, Inc., 303 F.3d 1294, 1300 (Fed. Cir. 2002). What's more, Defendants' product does not contain projecting portions each of which "gradually narrows in an upward direction, and a first inclined surface is formed at the first connecting portion from both sides of each of the projecting portions," as required by Claim 2. **Exhibit 6**.

A device that does not literally infringe may still infringe under the doctrine of equivalents ("DoE") if the differences are "unsubstantial." LoggerHead Tools, LLC v. Sears Holding Corp., 328 F. Supp. 3d 885, 903 (N.D. Ill. 2018). Generally, this requires a showing that "the accused product performs substantially the same function in substantially the same way with substantially the same result as each claim limitation of the patented product." To infringe under the DoE, an

"equivalent must be found for every limitation of the claim somewhere in an accused device." Corning Glass Works v. Sumitomo Electric U.S.A., Inc., 868 F.2d 1251, 1259 (Fed.Cir.1989). Accordingly, the doctrine of equivalents is disfavored as the basis for a preliminary injunction, because "[t]hat highly factual inquiry rarely comes clear on a premature record." Pressure Specialist, Inc., 469 F. Supp. 3d at 871-72, *quoting*, Jeneric/Pentron; *see also*, Mylan Institutional LLC v. Aurobindo Pharma Ltd., 857 F.3d 858, 866 (Fed. Cir. 2017) (observing that it is unusual for a court to grant a preliminary injunction based on infringement under the doctrine of equivalents).

Plaintiff cannot show that it is more likely than not that Defendants' product infringes claim 1 of the '984 patent under the doctrine of equivalents. As already noted, the two projecting portions clearly extend from two different positions and not just from a "first connecting portion" as required by claim 1. This difference is substantial, because the connection will need to be aligned to compensate for projecting portions from two different positions in the Defendants' product. Accordingly, since Plaintiff cannot show that Defendant's product more likely than not directly infringes the '984 patent or infringes under the DoE, there is no likelihood of success on the merits and the plaintiff's motion for preliminary injunction should be denied with respect to Defendants.

### d. Plaintiff cannot demonstrate that it will suffer irreparable harm absent injunctive relief because Plaintiff has an adequate remedy at law.

When there is no showing of irreparable harm, the court should deny a preliminary injunction on that ground alone. Praefke Auto Elec. & Battery Co. v. Tecumseh Prod. Co., 255 F.3d 460, 461 (7th Cir. 2001) ("There is therefore no showing of irreparable harm, and on this ground alone the preliminary injunction should have been denied."). The 7th circuit has noted that conclusory or speculative contentions are insufficient to demonstrate irreparable harm. E. St. Louis Laborers' Loc. 100 v. Bellon Wrecking & Salvage Co., 414 F.3d 700, 704-06 (7th Cir. 2005) (stating that "speculative injuries do not justify" granting injunctive relief and a party cannot obtain

injunctive relief "by speculating about hypothetical future injuries."); McDavid Knee Guard, Inc. v. Nike USA, Inc., 683 F. Supp. 2d 740, 748-49 (N.D. Ill. 2010) (finding "conclusory affidavits based on speculation…insufficient to justify injunctive relief prior to a trial on the merits."). Rather, Plaintiff's "evidence must demonstrate that [it] ha[s] carried [its] burden 'that irreparable injury is likely' - not just possible - 'in the absence of an injunction." Mich. v. U.S. Army Corps of Eng'rs, 2010 WL 5018559 at *24 (N.D. Ill. Dec. 2, 2010).

Even if Plaintiff could prove that it was losing sales due to Defendants' actions, the 7th circuit has ruled that if "losses are purely financial, easily measured, and readily compensated[,] [t]here is…no showing of irreparable harm, and on this ground alone the preliminary injunction should [be] denied." Praefke Auto Elec., 255 F.3d at 463. Courts routinely hold that loss of customers or loss of business generally is a measurable loss that can be adequately remedied by an award of monetary damages if the party seeking injunctive relief prevails after a trial on the merits. As this Court has put it, "[l]oss of sales, profits or market share does not necessarily establish irreparable harm." McDavid Knee Guard, 683 F. Supp. 2d at 747. Even if this Court denies the preliminary injunction and it is later determined that Defendants were not permitted to sell the allegedly infringing goods, Plaintiff could still be made whole by recovering any economic loss. Micro Data Base Sys., Inc. v. Nellcor Puritan Bennett, Inc., 165 F.3d 1154, 1157 (7th Cir. 1999) (no irreparable harm if "only money is at issue."); McDavid Knee Guard (concluding that "[e]ven assuming [plaintiff[ could prove that it was losing sales based on [Defendant's conduct], any such losses could be recovered as money damages from [defendant] if [plaintiff[ were ultimately to prevail in this action"); Abbott Lab'ys v. Andrx Pharms., Inc., 452 F.3d 1331, 1347-48 (Fed. Cir. 2006) ("[W]e do not doubt that generic competition will impact Abbott's sales…but that alone does not establish that Abbott's harm will be irreparable."). Accordingly, since any damages that Plaintiff

seeks could be remedies by an award of monetary damages, there is no irreparable harm and no injunction should be entered.

### e. The harm the injunction inflicts on the Defendants outweighs the threatened injury to Plaintiff, and the preliminary injunction would disserve public interest.

If the injunction were to issue, Defendants would have to stop selling its products to comply with the injunction, or modify them to comply with the scope of the injunction. This would be very costly for Defendants and could harm their reputation and relationships with customers. Further, as already discussed, there are substantial questions about the patent's validity and if Defendants are in-fact infringing, thus the public interest does not weight in favor of enforcement. *See*, Shure, Inc. v. ClearOne, Inc., 2018 WL 1371170 at *18 (N.D. Ill. Mar. 16, 2018) ("because there are substantial questions about the patent's validity, the public interest does not weigh in favor of enforcement."). Accordingly, the harms to Defendants' business and the public's harm from loss of competition would outweigh the threatened injury to Plaintiff, and Plaintiff cannot "me[e]t their burden of showing that the harm [it] will suffer if the injunction is denied is substantially greater than the harm [the Defendant] would suffer if the injunction were granted." Kastanis v. Eggstacy LLC, 752 F. Supp. 2d 842, 858-59 (N.D. Ill. 2010).

## II. Conclusion

For the foregoing reasons, this Court should deny Plaintiff's renewed motion [Dkt. 101].

Dated this December 31, 2021

                                          Respectfully Submitted,

                                          /s/Adam E. Urbanczyk
                                          Adam E. Urbanczyk
                                          AU LLC
                                          564 W. Randolph St. 2nd Floor
                                          Chicago, IL 60661
                                          (312) 715-7312
                                          (312) 646-2501 (fax)
                                          adamu@au-llc.com
                                          *Counsel for Defendants*